**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:
ADAMS, Michael J.
SS# xxx xx 1963

Chapter 13
Case # 10-17670-FJB

**Debtor(s)**

**ORDER CONFIRMING CHAPTER 13 PLAN**

    The Debtor(s) filed an Amended Chapter 13 Plan (the "Plan") on March 24, 2011. The Debtor(s) filed an Certificate of Service on March 24, 2011, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

    1.    The Plan is confirmed.  The term of the Plan is 60 months.

    2.    The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $476.50* per month commencing September 1, 2010 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.

    3.    The effective date of confirmation of the Plan is September 1, 2010.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan.  Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court.  The debtor shall be responsible for preserving and protecting property of the estate.

    *The Debtor shall pay the Trustee the sum of $364.00 per month for the first 6 months.  Commencing March 1, 2011 the Debtor shall pay the Trustee the sum of $476.50 per month for the remaining 54 months.

    Dated: _____

_____ 07/08/2011
United States Bankruptcy Judge

gr

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**

    ADAMS, Michael J.
    SS# xxx xx 1963                                              **Chapter 13**
                                                              **Case # 10-17670-FJB**

**Debtor(s)**

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**1.   Modified Secured Claims**

The Debtor is modifying the secured claim of Bank of America with respect to the first mortgage on the real estate located at 109 Blackstone Street, Bellingham, MA as follows:  Bank of America is retaining its lien to the extent of $122,500.00.  Bank of America will be paid its pre-petition arrears of $13,270.73 over 60 months in the sum of $221.18 per month.  The balance of Bank of America's claim in the sum of $28,607.00 will be unsecured and treated with the other unsecured creditors under section V. below.

The Debtor is modifying the secured claim of Milford National Bank with respect to the first mortgage on the real estate located at 107 Blackstone Street, Bellingham, MA as follows:  Milford National Bank is retaining its lien to the extent of $122,500.00.  Milford National Bank will be paid its pre-petition arrears of $5,021.80 over 60 months in the sum of $83.70 per month.  The balance of Milford National Bank's claim in the sum of $31,592.00 will be unsecured and treated with the other unsecured creditors under section V. below.

The Debtor is modifying the secured claim of People's United Bank with respect to the second mortgage on the real estate located at 25 Arapahoe Road, Bellingham, MA as follows:  People's United Bank's claim in the sum of $53,656.37 will be wholly unsecured and treated with the other unsecured creditors under section V. below.

**2.   Unmodified Secured Claims**

Bank of America is retaining its lien on 25 Arapahoe Road, Bellingham, MA with respect to the first mortgage. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Bank of America.

**3.   Administrative Claims**

Stephen Midgley, Esq. will be paid $1,350.00 over 12 months.

**4.   Priority Claims**

| | | |
|---|---|---|
| Town of Bellingham | re taxes on 107 Blackstone Street | $2,111.16 over 60 months |
| Town of Bellingham | trash for 107 Blackstone Street | $170.00 over 60 months. |
| Town of Bellingham | trash for 25 Arapahoe Street | $170.00 over 60 months. |

| | | |
|---|---|---|
| Town of Bellingham | trash for 109 Blackstone Street | $170.00 over 60 months. |
| Town of Bellingham | w/s for 107 Blackstone Street | $83.90 over 60 months. |
| Town of Bellingham | w/s for 109 Blackstone Street | $176.02 over 60 months. |

_____

### 5.  Unsecured Claims

The holders of unsecured claims totaling $190,710.38* shall receive a dividend of no less than 1.35%.
*This amount includes People's United Bank's unsecured claim of $53,656.37, Milford National Bank's unsecured claim in the sum of $31,592.00 and Bank of America's unsecured claim in the sum of $28,607.00.
_____

### 6.  Other Pertinent Provisions